UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT COVINGTON

| | |
|---|---|
| JAMES RICHARD THOMAS, ) | |
| a/k/a JIMMIE D. THOMAS, ) | |
| ) | Civil Action No. 2:14-CV-166-WOB |
| Plaintiff, ) | |
| ) | |
| V. ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| KENTON COUNTY DETENTION ) | |
| CENTER MEDICAL STAFF, *et al.*, ) | |
| | |
| Defendants. | |

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

James Richard Thomas is an inmate presently confined in the Roederer Correctional Complex ("RCC") in LaGrange, Kentucky. Proceeding pro se, Thomas has filed a complaint, pursuant to 42 U.S.C. § 1983, naming as defendants Kenton County Detention Center ("KCDC") Medical Staff; Terry Carl, Jailer, KCDC; Kentucky Department of Corrections; Webster County Detention Center ("WCDC") and its Jailer, Terry Elder; Fulton County Detention Center ("FCDC") and its Jailer, Ricky Parnell, concerning the denial of medical care and treatment. [R. 1] By Amended Complaint filed on October 21, 2014, Thomas named the Carroll County Detention Center ("CCDC"); CCDC Medical Staff; and Michael W. Humphrey, Jailer, CCDC, as additional defendants to this action. [R. 7] Thomas has also moved to amend his demand for relief request to include a request for monetary damages of $1,000.00 per day against all defendants until this complaint is resolved. [R. 5] This motion will be granted.

The Court must conduct a preliminary review of Thomas's complaint because he is proceeding *in forma pauperis* and because he asserts claims against government officials. 28 U.S.C. §§ 1915(e)(2), 1915A. A district court must dismiss any claim that is frivolous or

malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. McGore v. Wrigglesworth, 114 F.3d 601, 607-08 (6th Cir. 1997). The Court evaluates Thomas's complaint under a more lenient standard because he is not represented by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Burton v. Jones, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts Thomas's factual allegations as true and liberally construes his legal claims in his favor. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007).

## PLAINTIFF'S CLAIMS

Thomas claims that in February of 2013, he began experiencing pain in his neck and/or upper back and that he has repeatedly requested medical treatment for this condition, but that he has received no treatment, all in violation of his Eighth Amendment rights  For these reasons, Thomas claims that the defendants have been deliberately indifferent to his serious medical needs. He seeks injunctive relief and compensatory damages.

Thomas states that he has exhausted the administrative remedies available to him.

## DISCUSSION

To assert a viable claim under § 1983, a plaintiff must establish that his constitutional rights were violated by one acting under color of state law. Thomas claims that his rights under the U.S. Constitution have been violated; his complaint contains no state law claims.

The Court first turns to Thomas's claims against the Webster County Detention Center ("WCDC") and its Jailer, Terry Elder, and the Fulton County Detention Center ("FCDC") and its Jailer, Ricky Parnell, concerning the denial of medical care and treatment. It appears that the events giving rise to Thomas's claims against these defendants occurred in the WCDC in Dixon,

2

Webster County, Kentucky, and in the FCDC in Hickman, Fulton County, Kentucky, both of which lie within the jurisdiction of the Western District of Kentucky.[1]

Venue of the claims asserted in Thomas's complaint is proper in the Eastern District of Kentucky only if the general venue statute, 28 U.S.C. § 1391, is satisfied. This statute provides three possibilities for proper venue: (1) a judicial district in which the defendant "resides," (2) a judicial district in which "a substantial part of the events or omissions giving rise to the claim occurred," or (3) if the first two possibilities fail, "any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."

Considering the first factor of this venue test, the named defendants at issue are the Webster County Detention Center and its Jailer, Terry Elder, and the Fulton County Detention Center and its Jailer, Ricky Parnell. The Court presumes that all of the individuals named as defendants reside in or near Webster County, Kentucky, and Fulton County, Kentucky, respectively. Thomas alleges no facts suggesting that any of these defendants resides in the Eastern District of Kentucky. Thus, it appears that the first test for venue in this district fails.

As to the second prong of the venue test, Thomas states that while he was confined in the jails in Webster County and Fulton County, he requested but did not receive medical care and treatment. Thus, a "substantial part of the events or omissions giving rise to the claims" asserted in the complaint against these particular defendants occurred in the Western District of Kentucky, not in this judicial district. The second prong of the test for venue in this district fails.

---

[1] Specifically, Webster County lies within the Owensboro Division of the Western District of Kentucky, and Fulton County lies within the Paducah Division of the Western District of Kentucky. See L.R. 3.1(b)(3) and (4).

If the first two possibilities fail, the final prong of the venue test provides that venue is proper in "any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." Thomas's complaint contains no statements to suggest that any of the aforementioned individual defendants reside in the Eastern District of Kentucky. As they are jail officials of the Webster County Detention Center and the Fulton County Detention Center, respectively, in all likelihood, they reside in or near Webster County, Kentucky, and Fulton County, Kentucky. Thus, none of the aforementioned individuals named in the complaint appears to have any nexus with the Eastern District of Kentucky, meaning that the federal court in this district has no personal jurisdiction over them. If this action remains in this district, these defendants could argue, legitimately, that Thomas's claims against them should be dismissed for lack of *in personam* jurisdiction over them. Such an argument would have merit.

Consequently, the test for venue in this district fails under all three prongs of the test for general venue, prescribed in 28 U.S.C. § 1391, as set out above. Instead, venue for Thomas's claims against the Webster County Detention Center and its Jailer, Terry Elder, and the Fulton County Detention Center and its Jailer, Ricky Parnell, appears to lie in the Western District of Kentucky. In lieu of dismissal for improper venue, 28 U.S.C. § 1406(a) offers the court the option to transfer this case to the judicial district where it could have been filed. Specifically, this statute provides, in relevant part:

§ 1406.    Cure or waiver of defects

>   (a)    The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

4

28 U.S.C. § 1406(a).

The transfer of plaintiff's claims against the Webster County Detention Center and its Jailer, Terry Elder, and the Fulton County Detention Center and its Jailer, Ricky Parnell, to the Western District of Kentucky would also be authorized by another closely related statute: 28 U.S.C. § 1631, which provides that a federal court shall transfer a case, "if it is in the interest of justice," when it determines that it lacks jurisdiction over a civil action or appeal, and that jurisdiction lies in another court. *See Cosichrome, Inc. v. Spectra Chrome, Inc.*, 504 F. App'x 468, 472 (6th Cir. 2012) ("Thus, having determined that it lacked personal jurisdiction over Defendants, the district court should have either dismissed the action without prejudice (citation omitted), or, in the interest of justice, transferred it to a court that has personal jurisdiction over Defendants pursuant to 28 U.S.C. §§ 1406(a) or 1631, *see Roman v. Ashcroft*, 340 F.3d 314, 328-29 & n. 11 (6th Cir. 2003)).”

The interests of justice weigh heavily in favor of transferring plaintiff's claims against the Webster County Detention Center and its Jailer, Terry Elder, and the Fulton County Detention Center and its Jailer, Ricky Parnell, to the Western District of Kentucky, pursuant to 28 U.S.C. § 1406(a), where the action could have been filed.

## CONCLUSION

Accordingly, it is **ORDERED** that, pursuant to 28 U.S.C. § 1406(a),

1. Plaintiff's motion to amend his demand for relief to include a request for monetary damages of $1,000.00 per day against all defendants until this complaint is resolved [R. 5] is **GRANTED**.

2. Plaintiff's claims against the Webster County Detention Center and its Jailer, Terry Elder, and the Fulton County Detention Center and its Jailer, Ricky Parnell, are **SEVERED** from this action and are **TRANSFERRED** to the United States District Court for the Western District of Kentucky, as follows:

   A. Plaintiff's claims against the Webster County Detention Center and its Jailer, Terry Elder, are **TRANSFERRED** to the Owensboro Division of the United States District Court for the Western District of Kentucky.

   B. Plaintiff's claims against the Fulton County Detention Center and its Jailer, Ricky Parnell, are **TRANSFERRED** to the Paducah Division of the United States District Court for the Western District of Kentucky.

3. This case stands submitted for additional screening.

This 26th day of February, 2015.



Signed By:
*William O. Bertelsman* WOB
United States District Judge