UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT COVINGTON


| | | |
|---|---|---|
| JAMES RICHARD THOMAS, | ) | |
| a/k/a JIMMIE D. THOMAS, | ) | |
| | ) | Civil Action No. 2:14-CV-166-WOB |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| KENTON COUNTY DETENTION | ) | |
| CENTER MEDICAL STAFF, *et al.*, | ) | |
| | | |
| Defendants. | | |

**** **** **** ****


James Richard Thomas, is an inmate presently confined in the Roederer Correctional Complex ("RCC") in LaGrange, Kentucky.  Proceeding *pro se*, in September of 2014, while Thomas was confined in the Kenton County Detention Center ("KCDC"), he filed a complaint, pursuant to 42 U.S.C. § 1983, alleging he had been denied medical care and treatment, in violation of the Eighth Amendment. [R. 1].  Thomas named as defendants the KCDC Medical Staff; Terry Carl, Jailer, KCDC; Kentucky Department of Corrections ("KDOC"); Webster County Detention Center ("WCDC") and its Jailer, Terry Elder; and Fulton County Detention Center ("FCDC") and its Jailer, Ricky Parnell.[1] *Id.*  In October of 2014, Thomas amended his complaint, naming the Carroll County Detention Center ("CCDC"); CCDC Medical Staff; and Michael W. Humphrey, Jailer, CCDC, as additional defendants herein. [R. 7].

---

[1]On February 26, 2015, Thomas's claims against the WCDC and its Jailer, Terry Elder, and against the FCDC and its Jailer, Ricky Parnell, were severed from this action and transferred to the Western District of Kentucky. [R. 13]

Thomas seeks compensatory damages and injunctive relief, *viz.*, transfer to a KDOC medical facility "in order to be examined by a medical physician and proper staff." [R. 1, p. 8].

Based on alleged events that have occurred subsequent to the filing of the original and amended complaints, Thomas has filed another motion for leave to file an amended complaint, naming three additional defendants to this action: (1) Roederer Correctional Complex ("RCC"), (2) Ravonne Sims, Warden, RCC, and (3) Medical Department of RCC. [R. 14]. Thomas's amended complaint appears to be incorporated within his motion to amend. *Id.* Thomas states that he has exhausted the administrative remedies available to him.

Thomas previously amended his complaint, as a matter of right, pursuant Fed. R. Civ. P. 15(a) (1). Additional amendments to a complaint are permitted "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a) (2). This rule further provides that the "court should freely give leave when justice so requires." *Id.* The decision as to whether justice requires the amendment is committed to the sound discretion of the trial court. *Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S. 321, 330 (1971); *Foman v. Davis*, 371 U.S. 178, 182 (1962).

In this case, Thomas's complaint has yet to be served to any of the defendants, as his complaint is subject to the screening required by 28 U.S.C. §§ 1915(e)(2), 1915A. Thus, at this juncture, neither the originally-named defendants nor the three proposed new defendants will be prejudiced by any amendment to the complaint. Upon consideration, and in the interests of judicial economy, Thomas's current motion to amend the complaint [R. 14] will be granted, and the three additional defendants named in his motion to amend will be added to this action and will be incorporated with the required screening.

The Court screens civil rights complaints pursuant to 28 U.S.C. § 1915A. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). This is a *pro se* complaint and, as such, it is held to less stringent

standards than those drafted by attorneys.  *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972).  The allegations in a *pro se* complaint must be taken as true and construed in favor of the plaintiff.  *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). Under 28 U.S.C. § 1915(e)(2), a district court has authority to dismiss a case at any time if it determines either that the action is frivolous or malicious, or if it fails to state a claim upon which relief can be granted.

For the reasons detailed below, Thomas's claims against all of the defendants for monetary damages will be dismissed because he has failed to establish a violation of the Eighth Amendment.  His claim for injunctive relief will be denied as moot, as he has already received the relief sought, *viz.*, transfer from a local jail to a KDOC facility.

## PLAINTIFF'S CLAIMS

Thomas claims that in February of 2013, while he was confined in the KCDC, he began experiencing pain in his neck and/or upper back and that he has repeatedly requested medical treatment for this condition.  More particularly, Thomas claims that he was denied medical attention by the KCDC on or around August 11, 2014 [R. 1, p. 3], and that he has requested medical attention from the KDOC "since July 16, 2013, until August 24, 2014."  *Id.*  In short, Thomas claims that regardless of where he has been confined, be it at KCDC, CCDC, or RCC, he has received no treatment for his painful neck condition, all in violation of his Eighth Amendment rights.  For these reasons, Thomas claims that the defendants have been deliberately indifferent to his serious medical needs.

## DISCUSSION

A.    **Constitutional violation**

To state a claim under § 1983, the plaintiff must allege and show: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law.  *Parratt v. Taylor*, 451 U.S.

527, 535 (1981) (overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Flagg*

*Bros. v. Brooks*, 436 U.S. 149, 155–56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d

1265, 1267 (6th Cir.1998).  Both parts of this two-part test must be satisfied to support a claim

under § 1983.  *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir.1991).

**B.      Capacity**

Thomas does not specify whether he is suing the defendants in their official capacity as

government employees or in their individual capacity.  When a plaintiff does not allege the

capacity in which he is suing the defendants, it is construed that they are being sued in their

official capacity.  *Wells v. Brown*, 891 F.2d 591, 593-94 (6th Cir. 1989).  If the plaintiff seeks

only monetary relief, the defendants are not subject to suit for money damages in their official

capacity because government officials sued for damages in their official capacities are absolutely

immune from liability under the Eleventh Amendment to the United States Constitution.  *Will v.*

*Mich. Dep't. of State Police*, 491 U.S. 58, 70-71 (1989); *Kentucky v. Graham*, 473 U.S. 159, 169

(1985).

A state, its agencies[2], and state officials sued in their official capacities for money

damages are not "persons" subject to suit under § 1983.  *Will*, *supra*; *Matthews v. Jones*, 35 F.3d

1046, 1049 (6th Cir. 1994).  Furthermore, official-capacity claims for damages against state

officials and all claims (damages and equitable relief) against the KDOC, a state entity, are

barred by the Eleventh Amendment to the United States Constitution. *Will*, 491 U.S. at 71;

*Kentucky v. Graham*, 473 U.S. at 169 ("This [Eleventh Amendment] bar remains in effect when

State officials are sued for damages in their official capacity."); *Daleure v. Commonwealth of*

---

[2]The Kentucky Department of Corrections ("KDOC"), a named defendant herein, is a
department within the Justice and Public Safety Cabinet of the Commonwealth of Kentucky.
Exec. Order No.2004–730 (July 9, 2004); Ky.Rev.Stat. Ann. § 12.250.

*Kentucky,* 119 F.Supp.2d 683, 687 (W.D. Ky. 2000) ("The Eleventh Amendment protects the Kentucky state government and the Kentucky Department of Corrections from suit.").

Accordingly, all § 1983 claims for damages and injunctive relief against the KDOC will be dismissed, and all official-capacity § 1983 claims for damages against the other defendants will be dismissed.  As to Thomas's claim for injunctive relief, *viz.*, transfer from a local jail to a KDOC medical facility "in order to be  examined by a medical physician and proper staff" [R. 1, p. 8], that claim is permissible and may go forward against the defendants, other than the KDOC, in their "official capacity."

**C.       Claims against defendants in their Individual Capacities**[3]

**1.       The KCDC defendants**

**a.       Terry Carl, Jailer**

Although Thomas names KCDC Jailer Terry Carl as a defendant, he does not state what actions Jailer Carl took that violated his constitutional rights.  In fact, Thomas alleges no facts whatsoever indicating that Jailer Terry Carl personally or directly violated his Eighth Amendment rights.  In the context of a § 1983 claim, a supervisor is not liable for actions of his subordinates unless he personally participated in the offensive conduct.  *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989).  The doctrine of *respondeat superior* does not apply in § 1983 lawsuits to impute liability onto supervisory personnel, *see Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 691-95 (1978), unless it is shown that the defendant "encouraged the specific incident of misconduct or in some other way directly participated in it." *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984).  Thomas alleges no such facts concerning

---

[3]Because Thomas is proceeding *pro se*, out of an abundance of caution to his constitutional rights, the Court has also considered his claims against the remaining defendants as if they had been filed against them in their individual capacities.

KCDC Jailer Terry Carl.  Thus, Thomas has failed to state a claim against Jailer Carl for which relief can be granted.

**b.      KCDC Medical Staff**

Thomas names the KCDC Medical Staff as a defendant, but he does not identify any specific person on the medical staff, and he does not specify which particular individuals on the jail's medical staff violated his constitutional rights.   A jail's medical department is not a "person" for § 1983 purposes; therefore, the plaintiff cannot name a medical department as a defendant but rather must name individual persons as defendants.  *See Brown–Rogers v. Bradley County Jail Med. Dep't.*, No. 1:06-cv-188, 2007 WL 1490538, at *3 (E.D. Tenn. May 21, 2007) (noting that a jail's medical staff is a subdivision of the sheriff's department and not a legal entity subject to being sued); *Sullivan v. Hamilton County Jail Staff*, No. 1:05-cv-320, 2006 WL 1582418, at *3 n. 1 (E.D. Tenn. June 5, 2006) (same); *Cofer v. Cumberland County Sheriff's Dept. Medical Staff*, No. 2:10-cv-059, 2010 WL 3238308 (M.D. Tenn. Aug. 13, 2010) (same).

In the absence of a identifying which specific jail employees within the KCDC Medical Staff who violated Thomas's constitutional rights, his catch-all designation, naming the KCDC Medical Staff as a whole as a defendant, is insufficient to state a claim against any particular defendant for which relief can be granted. Accordingly, Thomas's claim against "the KCDC Medical Staff" fails as a matter of law.

**2.      The CCDC defendants**

**a.      Michael W. Humphrey, Jailer**

Thomas claims that on October 15, 2014, Jailer Humphrey denied him medical attention, in violation of his constitutional rights.  [R. 7, p. 3].  In support of this claim, Thomas states that on this date, Jailer Humphrey denied two of his grievances, both being dated October 15, 2014, but containing separate and distinct medical issues.  One grievance concerns the neck pain/issue

that is at issue herein [R. 7-1]; the other grievance concerns a tooth infection and his request to see a dentist [R. 7-2].

**1.      Grievance concerning neck pain**

On October 6, 2014, Thomas submitted a request to the CCDC medical department.  On October 7, 2014, he was seen by a nurse at the jail, in response to his request, at which time he told the nurse that he needed a doctor to examine him.  Thomas states that the nurse indicated that she would contact the doctor for further review, but that a doctor never saw or examined him.  Thomas was charged $10.00 for his visit to the jail's medical department, and he submitted a grievance to Jailer Humphrey requesting that he either be examined and treated by a doctor or that the $10.00 he was charged earlier be refunded.  *Id.*

In a handwritten note at the bottom of this grievance, Jailer Humphrey denied the grievance, stating, "You was seen by Medical Staff.  No Returns!  You are treated just like any other person in this jail."  *Id.*

**2.      Grievance concerning infection in tooth**

In response to a December 2013/January 2014 medical request to the Medical Department concerning a tooth infection, and his request to see a dentist, Thomas was seen by a nurse who prescribed an antibiotic to resolve the infection before Thomas would be seen by a dentist.  Subsequently, Thomas states that he was never seen by a dentist.  He filed a grievance with Jailer Humphrey, stating, "I would like to be seen and treated by a dentist which I have requested in the past and already been charged for." [R. 7-1, p. 2]

In a handwritten note at the bottom of this grievance, Jailer Humphrey denied the grievance, stating, "And you have been in at least 3 other jails and you could have requested there and treated.  MWH."  *Id.*

On October 15, 2014, Jailer Humphrey did not personally deny medical treatment to Thomas.  He simply denied Thomas's grievances.  The mere denial of a prisoner's grievance

7

states no claim of constitutional dimension. *See Martin v. Harvey*, No. 00–1439, 2001 WL 669983, at *2, 14 F. App'x 307 (6th Cir. June 7, 2001) ("The denial of the grievance is not the same as the denial of a request to receive medical care."); *see also Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir.1999) (as against defendants whose only involvement was the denial of administrative remedies).  Thomas makes no claim that Jailer Humphrey was a direct participant in or had any prior knowledge of the operation of the jail's medical department, in respect to Thomas, about which he complains.  Thus, Thomas has failed to state a claim of a constitutional dimension against Jailer Humphrey, and his claim against Jailer Humphrey will be dismissed.

b.      **CCDC Medical Staff**

Thomas's claim against the CCDC Medical Staff suffers from the same fatal defect as his claim against the KCDC Medical Staff referenced above.  It, too, fails as a matter of law and will be dismissed for the same reasons as his claim against the KCDC Medical Staff.

c.      **CCDC**

To reiterate, in order to state a claim under § 1983, the plaintiff must show that the alleged violation was committed by a person acting under color of state law.  *Swiecicki v. Delgado*, *supra*.  Because a detention center (or a jail) is not a municipality, but rather a building wherein prisoners are held, it is not a "person" amenable to suit under § 1983.  *Coffey v. Miami County Jail*, No. 3:05-CV-383, 2007 WL 316262 * 2 (S.D. Ohio, Jan 29, 2007); *Johnson v. Blackwelder*, No. 4:08-CV-91, 2009 WL 1392596 * 4 (E.D. Tenn., May 15, 2009).  Therefore, because the CCDC is not an entity which can be sued, Thomas's claims against the CCDC fail to state a claim upon which relief can be granted.

3.      **The RCC defendants**

Thomas states that on December 2, 2014, he was transferred to the RCC "for the purpose of medical attention." [R. 14, Page ID# 90].  Thomas states that he was transferred to the RCC due to the medical problem that is the subject of the present action.

8

**a.      RCC**

Thomas's claim against the RCC, similar to his claims against the CCDC, fail as a matter of law, as previously explained above, because a detention center (or a jail) is not a municipality, but rather a building wherein prisoners are held, it is not a "person" amenable to suit under § 1983. *Coffey v. Miami County Jail*, *supra*; *Johnson v. Blackwelder, supra*. Because the RCC is not an entity which can be sued, Thomas's claim against the RCC fails to state a claim upon which relief can be granted.

Additionally, post-transfer to the RCC, Thomas has been seen and evaluated for his painful neck condition. He states that muscle relaxers have been prescribed, that the anti-inflammatory medication has been discontinued and that exercises have been prescribed for his condition, which is "probably a pinched nerve." [R. 13, Page ID#91]. Thomas is dissatisfied with the treatment he has received. He wants to be examined by a doctor and has requested that x-rays or a cat-scan be performed in order to fully assess his neck problem. Essentially, Thomas is of the opinion that he needs a different type of and/or additional medical treatment his painful neck condition than he has received at RCC.

However, no claim of a constitutional dimension is stated where a prisoner challenges only matters of medical judgment or otherwise expresses a mere difference of opinion concerning an appropriate course of treatment. *Sharpe v. Patton,* No. 08-cv-58, 2010 WL 227702 (E.D. Ky. 2010). When the cause of action is based on an allegation that the prescribed treatment was inadequate in some way, rather than on an allegation that the prison official failed to provide the plaintiff with any treatment, courts traditionally have been reluctant to second guess the medical official. *Rodriguez v. Lappin*, No. 08-cv-347, 2009 WL 2969510 (E.D. Ky. 2009). Simply put, differences of opinion as to matters of medical judgment, negligent treatment or even medical malpractice are insufficient to establish that one has received inadequate medical care in violation of the Eighth Amendment. *See, e.g., Greer v. Daley*, No. 01-c-586,

2001 WL 34377922, 3 (W.D. Wis. 2001).  In *Greer,* some of the inmate's physicians requested surgery to correct a deviated septum, but that request was denied by other physicians, including the Medical Director, based on their medical opinion that surgery was unnecessary.  The court in *Greer* held that the dispute among medical professionals concerning the inmate's need for the surgery in question does not rise to the level of an Eighth Amendment claim for inadequate medical care.  *See also Estelle v. Gamble*, 429 U.S. 97, 102–03 (1976).

**b.      Ravonne Sims, Warden, RCC**

Although Thomas names RCC Warden, Ravonne Sims, as a defendant, he does not state what actions Warden Sims took that violated his constitutional rights.  In fact, Thomas only lists Warden Sims as a defendant on the face of his Amended Complaint [R. 14], and he alleges no facts whatsoever indicating that Warden Sims personally or directly violated his Eighth Amendment rights.  As previously stated above, in the context of a § 1983 claim, a supervisor is not liable for actions of his subordinates unless he personally participated in the offensive conduct.  *Leach v. Shelby Coun*ty *Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989).  The doctrine of *respondeat superior* does not apply in § 1983 lawsuits to impute liability onto supervisory personnel, *see Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 691-95 (1978), unless it is shown that the defendant "encouraged the specific incident of misconduct or in some other way directly participated in it."  *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984).  Thomas alleges no such facts concerning RCC Warden Sims.  Thus, he has failed to state a claim against Warden Sims for which relief can be granted.

**c.      Medical Department of RCC**

Although Thomas names the Medical Department of RCC as a defendant, he does not identify any specific person in the medical department, and he does not specify which particular individuals on the prison's medical staff violated his constitutional rights.  To reiterate, a prison's medical department is not a "person" for § 1983 purposes; therefore, the plaintiff cannot name a

medical department as a defendant but rather must name individual persons as defendants. *See Brown–Rogers v. Bradley County Jail Med. Dep't.*, No. 1:06-cv-188, 2007 WL 1490538, at *3 (E.D. Tenn. May 21, 2007) (noting that a jail's medical staff is a subdivision of the sheriff's department and not a legal entity subject to being sued); *Sullivan v. Hamilton County Jail Staff*, No. 1:05-cv-320, 2006 WL 1582418, at *3 n. 1 (E.D. Tenn. June 5, 2006) (same); *Cofer v. Cumberland County Sheriff's Dept. Medical Staff*, No. 2:10-cv-059, 2010 WL 3238308 (M.D. Tenn. Aug. 13, 2010) (same).

In the absence of identifying which specific prison employees within the Medical Department of RCC violated Thomas's constitutional rights, his catch-all designation, naming the Medical Department of RCC as a whole as a defendant is insufficient to state a claim against any particular defendant for which relief can be granted. Accordingly, Thomas's claim against the "Medical Department of RCC" fails as a matter of law.

## CONCLUSION

In summary, during his confinement at the KCDC, CCDC, and RCC, Thomas has been evaluated for his ongoing, perhaps chronic, painful neck condition. Thomas has been treated for this condition, but he has a difference of opinion as to the type or the extent of the treatment he needs. However, the defendants have not ignored or been deliberately indifferent to his requests for treatment. For these reasons, the Court concludes that Thomas has failed to establish a viable Eighth Amendment claim for monetary damages against any of the defendants in their individual capacities.

As to Thomas's claim for injunctive relief, *i.e.*, to be transferred from a local jail to a KDOC medical facility "in order to be examined by a medical physician and proper staff" [R. 1, p. 8], in December of 2014, Thomas was transferred to the RCC, and he has been examined and treated for his neck condition at RCC. Therefore, Thomas's claim for injunctive relief is moot.

Accordingly, **IT IS HEREBY ORDERED** that:

1.      Thomas's motion for leave to amend his complaint for the purpose of naming three additional defendants, Roederer Correctional Complex ("RCC"); Ravonne Sims, Warden, RCC; Medical Department of RCC, to this action [R. 14] is **GRANTED**.

2.      Thomas's § 1983 claims for monetary damages and injunctive relief against the Kentucky Department of Corrections are barred by the Eleventh Amendment and are **DISMISSED**.

3.      Thomas's claims for monetary damages against Defendants KCDC Medical Staff; Terry Carl, Jailer, KCDC; CCDC; CCDC Medical Staff; Michael W. Humphrey, Jailer, CCDC; RCC; Ravonne Sims, Warden, RCC; and Medical Department of RCC, in their official capacity are **DISMISSED** for failure to state a constitutional claim against them.

4.      Thomas's claims for monetary damages against Defendants KCDC Medical Staff; Terry Carl, Jailer, KCDC; CCDC; CCDC Medical Staff; Michael W. Humphrey, Jailer, CCDC; RCC; Ravonne Sims, Warden, RCC; and Medical Department of RCC, in their individual capacities are **DISMISSED** for failure to state a constitutional claim against them.

5.      Thomas's claim for injunctive relief against Defendants KCDC Medical Staff; Terry Carl, Jailer, KCDC; CCDC; CCDC Medical Staff; Michael W. Humphrey, Jailer, CCDC; RCC; Ravonne Sims, Warden, RCC; and Medical Department of RCC, in their official capacity, is **DENIED AS MOOT**.

6.      All claims against all remaining Defendants having been resolved, this action is **DISMISSED** and **STRICKEN** from the docket.

7.      Judgment will be entered contemporaneously with this Memorandum Opinion and Order in favor of the defendants.

This 25th day of June, 2015.



Signed By:

*__William O. Bertelsman__*   WOB

**United States District Judge**